UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LEIGH TILLER, MULHAM HAFIEZ, BENNY GREENE, LAURA FASOLO, GABRIELLE CROWLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HILB GROUP OPERATING COMPANY, LLC,<br><br>Defendant. | Case No. 3:23-cv-00759 (JAG)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Hilb Group Operating, LLC. After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Mulham Hafiez, Gabrielle Crowley, Benny Greene, Laura Fasolo, and Leigh Tiller as the Class Representatives, the appointment of Terence R. Coates as Class Counsel for Plaintiffs and the Class, the approval of Kroll Settlement Administration, LLC as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable,

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

1

and adequate, subject to further consideration at the Fairness Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> **All United States residents whose Personal Information was accessed during the Security Incident that is the subject of the Notice of Data Breach that Defendant published on or around November 2, 2023.[2]**

3. For purposes of settlement, based on the information provided: the Class is ascertainable; it consists of roughly 108,954 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court appoints Plaintiffs Mulham Hafiez, Gabrielle Crowley, Benny Greene, Laura Fasolo, and Leigh Tiller as the Class Representatives.

5. The Court appoints Terence R. Coates, of Markovits, Stock & DeMarco, LLC as Class Counsel for the Class.

6. The Court appoints Kroll Settlement Administration, LLC as the Settlement

---

[2] "Security Incident" shall mean the cybersecurity incident against Hilb Group giving rise to the action.

Administrator.

7. A Final Approval Hearing shall be held before the Court on February 3, 2025, at 10 a.m. for the following purposes:

    a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b. To determine whether to grant Final Approval, as defined in the Settlement Agreement, including conditionally certifying the proposed Class for settlement purposes only;

    c. To determine whether the notice plan conducted was appropriate;

    d. To determine whether the claims process under the Settlement is fair, reasonable and adequate and should be approved by the Court;

    e. To determine whether the requested Class Representative Service Awards of $3,000.00 to each Class Representative, and Class Counsel's combined attorneys' fees of up to one third (1/3) of the Qualified Settlement Fund ($533,333.33), and reasonable litigation expenses not to exceed $30,000.00 should be approved by the Court;

    f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    g. To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best

notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

### SETTLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
|---|---|
| Hilb Group provides list of Settlement Class Members to the Settlement Administrator | +14 days |
| Notice Deadline | +30 days |
| Hilb Group will deposit $400,000 into the Qualified Settlement Fund | +35 days |
| Class Counsel's Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards | +76 days |
| Objection Deadline | +90 days |
| Exclusion Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +104 days |
| Claims Deadline | +120 days |
| | |
| **Final Approval Hearing** | February 3, 2025 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days |
| Hilb Group deposits the remaining $1,200,000 into the Qualified Settlement Fund | +38 days |
| Payment of Attorneys' Fees, Expenses, and Class Representative Service Awards | +60 days |
| Settlement Website Deactivation | +240 days |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after this Court

4

enters this Order in accordance with the timeline being keyed on the grant of this Order.

11. Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement). Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, the Settlement Administrator, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with or submitted to the Court within 60 days of the Notice Date and include each and all of the following:

  (i) the objector's full name, address, telephone number, and email address (if any);

  (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice or copy of original notice of the Security Incident);

  (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

  (iv) the identity of all counsel representing the objector;

  (v) the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

  (vi) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and,

  (vii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to Hilb Group in this Action.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Hilb Group.

15. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members, and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

IT IS SO ORDERED.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 15 August 2024
Richmond, VA